IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:09-cr-00240-17 |
| v. | Judge Nixon |
| LEONARD BAUGH | |

## ORDER

Pending before the Court is Defendant Leonard Baugh's Motion to Unseal Certain Grand Jury Documents ("Motion"), in which he requests the Court order the Clerk to unseal the Order(s) impaneling or extending the service of the Grand Jury that returned the Eighth Superseding Indictment ("Orders") pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii). (Doc. No. 1203.) Defendant also filed a Memorandum in Support of his Motion. (Doc. No. 1296.) The United States of America filed a Response in opposition to Defendant's Motion and suggests that rather than granting the Motion, the Court should, itself, review the materials requested by Defendant. (Doc. No. 1331.) For the reasons below, Defendant's Motion is **GRANTED**.

Defendant also filed a Motion to Dismiss the Eighth Superseding Indictment ("Motion to Dismiss"), founded on the same legal reasons as the motion to unseal. (Doc. No. 1236.) Because Defendant does not currently have the information to determine whether the Eighth Superseding Indictment complies with Federal Rule of Criminal Procedure 6(g), his Motion to Dismiss is premature. Therefore, the Court **DENIES** Defendant's Motion to Dismiss without prejudice. Defendant may refile its Motion to Dismiss within fourteen days of the entry of this Order.

1

Defendant argues that Federal Rule of Criminal Procedure 6(g) prohibits a Grand Jury from serving for more than twenty-four months, including a court-granted extension beyond the general eighteen month limit on service. (Doc. No. 1296.) Defendant argues that failure to comply with Rule 6(g) constitutes a defect in the indictment, which is a defense that must be raised prior to trial, according to Federal Rule of Criminal Procedure 12(b)(3). (Doc. No. 1203.) Because more than twenty-four months has passed between the Grand Jury's return of the initial Indictment in this case, and its return of the Eighth Superseding Indictment, Defendant states he requires access to the Orders impaneling or extending the service of the Grand Jury to determine whether an issue exists under Rule 6(b). (Doc. No. 1296.) Moreover, Defendant states that only an objective calculation of time limits is required to determine compliance with Rule 6(g). (Doc. No. 1203.) Therefore, although Local Rule of Criminal Procedure 6.01(c) requires matters pertaining to the Grand Jury to be maintained under seal in order to protect the functions of the Grand Jury, disclosure of the Orders in this case will not frustrate this purpose, as any information unnecessary to the objective calculation can be redacted. (Doc. No. 1296.)

The Government argues that although the Court has discretion to disclose testimony of the Grand Jury, Defendant must first demonstrate a compelling necessity for the information by presenting a particularized need for the disclosure. (Doc. No. 1331 (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683 (1958)).) The Government asserts that Defendant needs to show more than a generalized desire to inspect Grand Jury records, and that Federal Rule of Criminal Procedure 6(e) does not allow Defendant to engage in a "fishing expedition" to attempt to find some possible injustice. (*Id.* (quoting *United States v. Stone*, 2011 WL 4708783, at *5 (E.D. Mich. Oct. 6, 2011)).) The Government concludes that under this standard, Defendant has failed to meet his burden to establish a compelling necessity for inspection of the

2

Orders, and therefore the Motion should be denied. (*Id.*) The Government, however, suggests that the Court could review the Orders and determine on its own whether there is a defect in the empanelment of the Grand Jury. (*Id.*)

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E),

> [t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury.

For the Court to authorize disclosure of Grand Jury documents, Defendant must make "a showing of 'compelling necessity' demonstrated by a 'particularized need'" for the documents. *United States v. Abernathy*, 2009 WL 982796, at *1 (E.D. Mich. Apr. 13, 2009) (quoting *United States v. Azad*, 809 F.2d 291, 295 (6th Cir. 1986)). "Strong policy favors the secrecy of grand jury proceedings," *United States v. Short*, 671 F.2d 178, 184 (6th Cir. 1982), and therefore "[t]here is a presumption of regularity which attaches to such proceedings and the defendants have a difficult burden to prove any irregularity," *United States v. Battista*, 646 F.2d 237, 242 (6th Cir. 1981).

Here, the Court finds Defendant has met his burden of showing a particularized need for the Orders. Defendant points out that the initial Indictment in this case was filed on September 20, 2009, and the Eighth Superseding Indictment was filed on November 30, 2011. (Doc. No. 1296.) Therefore a period of over twenty-six months passed between when the Grand Jury was originally impaneled and the filing of the Eighth Superseding Indictment. Moreover, Defendant states that visible portions of the foreperson's signature on the redacted versions of the first

3

seven Indictments filed in this case appear to have similar characteristics suggesting they were returned by the same Grand Jury.[1] (*Id.*)

Given the time elapsed between the filing of the initial Indictment and Eighth Superseding Indictment, and the objective evidence suggesting that at least seven of the Indictments in this case were returned by the same Grand Jury, the Court finds Defendant has a compelling necessity for the Orders to determine whether a Federal Rule of Criminal Procedure 6(g) violation has occurred. Furthermore, the Court recognizes that unsealing the requested documents will not affect the secrecy of the Grand Jury proceedings as Defendant requires neither names of members of the Grand Jury, or information about anything that occurred during Grand Jury proceedings.

The Court is also cognizant that "the policy of secrecy [of Grand Jury proceedings] is not absolute," and that "[r]ule 6(e) shields solely 'matters occurring before the grand jury.' It is designed to protect from disclosure only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process." *In re Grand Jury Investigation Appeal of New Jersey State Comm'n of Investigation*, 630 F.2d 996, 1000 (3d Cir. 1980) (citing *Proctor & Gamble*, 356 U.S. at 681). Here, the Court finds the scheduling information Defendant seeks was not a matter before the Grand Jury. Therefore policy concerns forming the basis for sealing Grand Jury proceedings are not at issue here.

For the reasons above, Defendant's Motion (Doc. No. 1203) is **GRANTED**. The Court directs the Clerk to **UNSEAL** the redacted Order(s) impaneling or extending the service of the Grand Jury that returned the Eighth Superseding Indictment for counsel's review. Prior to unsealing the documents, any information unnecessary to the objective calculation of the Grand

---

[1] Defendant explains that the Foreperson's signatures on the Seventh and Eighth Superseding Indictments have been completely redacted so that no portion is visible. (Doc. No. 1296.)

4

Jury's time of service should be redacted. Because the Court finds it was filed prematurely, the Court **DENIES** Defendant's Motion to Dismiss (Doc. No. 1236) without prejudice.

It is so ORDERED.

Entered this the 13th day of December, 2012.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

5

Case 3:09-cr-00240    Document 1533    Filed 12/14/12    Page 5 of 5 PageID #: 6031